## COMBS v
## BROTHERHOOD OF RD TRAINMEN et

Ohio Appeals, 1st Dist, Hamilton Co

No 4736.   Decided April 1, 1935

John W. Cowell, Cincinnati, for plaintiff in error.

Tom J. McGrath, and Pogue, Hoffheimer & Pogue, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, J.

There is much immaterial matter alleged in the petition. It pleads certain action by the Local Lodge of the Brotherhood No. 504, certain lodge action taken without notice to other members, and a later action on the part of the lodge revoking that action. Plaintiff alleges this is in violation of Rule 5, paragraph 7 of the declared policy under the Constitution of the Order. This rule by its language pertains only to grievances solely among the members employed on a particular Railroad or Division. The allegations of the petition do not indicate a grievance between the members of the Division, and any action taken by the local lodge would have no effect.

The question is as to the right and power of the Brotherhood and its executive officers to promulgate a new division concerning seniority rights and the division of work thereunder.

There is much other matter in the petition which might be stricken out on a motion, and a motion to make definite and certain would lie, and this would make it less difficult to analyze the pleading.

There is enough in the petition to show an endeavor to present complaint that the Brotherhood and its executive officers have promulgated a memorandum succeeding the former agreement, which would tend to deprive the plaintiff of some property right by way of seniority, but the fact that the officers did so, does not ipso facto present a cause of action in the plaintiff in equity.

It must be borne in mind that the plaintiff is a member of the Union and his rights could be no higher than the Union, and if the Union, through its officers, had a right to put into effect a change concerning seniority rights for the division of the work, the plaintiff could not complain. If the defendant, through its officers, without power or authority and by arbitrary action, put into effect the "memorandum of understanding," which did take away certain property rights, the plaintiff might have relief in equity.

We next turn to the petition to ascertain whether or not he has properly pleaded matter which shows unlawful or arbitrary action on the part of the Brotherhood, through its officers.

There are but two allegations which it is claimed show such violation. The petition alleges that the defendant, through its officers is putting into effect the so-called "memorandum of understanding", taking away his seniority rights, in violation of §164, page 117 of the Constitution, which reads as follows:

"The Rules of Order of the Grand Lodge shall be used in this subordinate lodge as far as they can be made applicable, and all questions not herein provided for shall be decided upon the principles laid down in Robert's Rules of Order."

What this has to do with the power of the executive officers of the Brotherhood to promulgate working plans we are unable to see. There is nothing in §164 pertaining to that subject.

The other allegation is, that the defendant acted contrary to the Constitution and Rules, §149, page 249, which reads:

"Therefore, in future when decisions are rendered by the President of the B. of R. T. jointly with the chief executives of any or all of the other transportation organizations such decisions will be considered final, so far as the B. of R. T. is concerned, and there shall be no right of appeal therefrom unless a violation of the Constitution and General Rules or established policy of the Brotherhood is involved."

In so far as this section of the Constitution is concerned it may be that the action in promulgating the so-called "memorandum of understanding" is within the constitution and rules of the Brotherhood. It provides for finality and the right of appeal. If there is a violation of the Constitution and General Rules of the established policy of the Brotherhood, the action of the President and chief executives would not be final. There would still be the right of appeal. Whether or not this means right of appeal to courts or right of appeal to a joint body of some kind, we do not know from the allegations of the petition. In other words, there could be a violation of §§164 and 149 of the Constitution and General Rules of the Brotherhood, which would not in any way affect the promulgation of the so-called "memorandum of understanding" in question.

The conclusion therefore is, that since the rights claimed in the petition are based on these violations only, and there being no allegations of fact as to the manner in which these violations materially affected the legality of the action of the defendant, no cause of action is pleaded. The trial

court was correct in sustaining the demurrer to the petition.

Judgment affirmed.

ROSS, PJ, and MATTHEWS, J, concur.